UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE KENDRICKS,

       Plaintiff,             CIVIL ACTION NO. 08-15193

v.                             DISTRICT JUDGE BERNARD A. FRIEDMAN
                             MAGISTRATE JUDGE DONALD A. SCHEER

JUDGE EUGENE MOORE,
MICHIGAN FAMILY INDEPENDENCE
AGENCY, JACINDA KENT-JONES,
MARK BOSLER, TROY POLICE
DEPARTMENT, THERESA HARRISON,
BERNADINE TROUT, TWILA
LEIGH, OAKLAND COUNTY
CHILDREN'S VILLAGE,
VISTA MARIA, WOLVERINE
SERVICES, and OAKLAND CO.
PROSECUTOR'S OFFICE,

       Defendants.
_____/

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>:  Defendants' respective Motions to Dismiss and for Summary

Judgment should be GRANTED, on the basis of the statute of limitations, the Rooker-

Feldman doctrine, and absolute immunity.

*   *   *

      Plaintiff, proceeding <u>pro se</u>, filed an Amended Complaint, pursuant to 42 U.S.C.

§§ 1983 and 1985, on December 18, 2008, against the above named defendants.  This

case arises out of child protective proceedings involving Plaintiff, who, while a minor, was

removed from her parents' custody in 2001 and placed in foster care by the State of

Michigan. She argues that the Oakland County Michigan probate court had no jurisdiction

2:08-cv-15193-BAF-DAS   Doc # 60   Filed 04/29/09   Pg 2 of 8   Pg ID 542

to issue the "take into custody" order because her parents were not given notice of the hearing that resulted in her placement into state custody. Plaintiff further maintains that she did not receive proper care while in the custody of the state, and has suffered damages as result of being placed in foster care.

Plaintiff's Amended Complaint lists eight causes of action. She alleged that the probate court did not have jurisdiction to place her in foster care (count I); that her federal civil rights protections under 42 U.S.C. §§ 1983 and 1985 were violated (counts II thru IV); and, that she suffered the intentional and negligent infliction of emotional distress (counts V & VI). She also claimed that the state's actions were negligent (count VII), and breached the duty of "in loco parentis". (count VIII).

Defendants filed separate Motions to Dismiss or for Summary Judgment in January 2009 (See Docket #8, #12, #17, #18, #36, #42, #44). They assert that the Amended Complaint should be dismissed based on the statute of limitations, the Rooker-Feldman doctrine, immunity, and failure to state a claim upon which relief may be granted. Plaintiff has not filed a response to the separate motions for summary disposition to date.

Plaintiff instead filed a motion on January 9, 2009, seeking leave to file a second amended complaint (Docket #30). Plaintiff stated that she wished to add new parties defendant based upon "new information important to the immediate resolution of this case." Defendants filed separate responses to Plaintiff's motion seeking to amend her complaint. They maintained that any amendment would be futile since all claims against them were time barred, or subject to dismissal based on the Rooker-Feldman doctrine and governmental immunity. Plaintiff filed a motion to Stay Proceedings on January 28, 2009, pending resolution of her request to amend her complaint (Docket #45).

LEAVE TO AMEND

Leave of the court is required to amend a complaint after a responsive pleading has been served. Fed.R.Civ.P. 15(a). The decision to permit the amendment of a complaint is within the discretion of the court. Jet Inc. V. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999). As Defendants correctly point out, this Court has the authority to deny Plaintiff's motion seeking to amend her complaint if such an amendment would be futile. Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue, 987 F.2d 376, 383 (6th Cir. 1993). As outlined in detail below, Plaintiff's first Amended Complaint is subject to summary dismissal. Plaintiff's Motion to file a Second Amended Complaint should be DENIED, as every proposed amendment would be futile.

ANALYSIS AND DISCUSSION

STATUTE OF LIMITATIONS

The First Amended Complaint should be dismissed for a number of reasons. The United States Supreme Court has directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The general three year statute of limitations for personal injuries and property damage contained in MCL 600.5805(8) is the uniform limitations period to be applied to civil rights claims in Michigan. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986); Hardin v. Straub, 490 U.S. 536, 540 (1989).

Plaintiff is seeking monetary damages for the time she spent in foster care as a minor. Plaintiff's cause of action accrued in March 2001, when she was initially placed in foster care. Since Plaintiff was a minor at the time of her placement, Michigan's tolling statute, MCL 600.5851(1), allowed her one year from the date she reached the age of 18

3

to file a lawsuit that would otherwise be barred by the applicable statute of limitation. Plaintiff was born on December 2, 1989, and so she had until December 2, 2008, to file suit. By waiting until December 18, 2008, Plaintiff's civil rights (counts I thru IV), emotional distress (counts V and VI), negligence (count VII) and breach of duty (count VIII) claims are all barred by Michigan's three year statute of limitation on personal injury actions and should be dismissed.

## ROOKER-FELDMAN DOCTRINE

Even if Plaintiff had timely filed her suit, it would still be subject to summary dismissal. Plaintiff claims that the Oakland County Probate Court failed to notify her parents of the proceedings. She seeks federal court review of the orders issued by the state probate court placing her in foster care. However, Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

> The United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed. 2nd 206 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court.")

Gabhart v. Cocke County, Tennessee, 155 Fed.Appx. 867 (6th Cir. 2005), 2005 WL 3196601 (quoting Feldman, 460 U.S. at 486). The Rooker-Feldman abstention doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to

2:08-cv-15193-BAF-DAS   Doc # 60   Filed 04/29/09   Pg 5 of 8   Pg ID 545

review a case litigated and decided in a state court; only the United States Supreme Court has jurisdiction to correct state court judgments. <u>Anderson v. Charter Township of Ypsilanti</u>, 266 F.3d 487, 492 (6th Cir. 2001) (citing <u>Gottried v. Med. Planning Servs.</u>, 142 F.3d 326, 330 (6th Cir. 1998).

A state probate court proceeding resulted in Plaintiff's removal from her parents' home and her placement into the custody of Michigan's foster care system. A judgment by this federal court calling into question that placement necessarily implies that the state court was wrong. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." <u>Pennzoil Co. v. Texeco, Inc.</u>, 481 U.S. 1, 25 (1987) (Marshal, J. concurring). Thus, this Court is prevented from exercising jurisdiction in this matter, and all claims must be dismissed.

GOVERNMENTAL DEFENDANTS

Alternatively, the Amended Complaint is subject to summary dismissal because all of the named defendants are entitled to governmental, judicial or qualified immunity. There is no proper basis alleged in the Amended Complaint for a claim against the Michigan Family Independence Agency, the Troy Police Department, Oakland County Children's Village, or the Oakland County Prosecutor's Office. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-established that governmental agencies are not legal entities amenable to suit under § 1983. <u>Monell v. NYC Department of Social Services</u>, 436 U.S. 658, 694 (1978). Plaintiff's § 1983 claims against these defendants must, therefore, be dismissed. Her state law tort claims must also be dismissed, since Michigan law provides governmental agencies with

5

immunity as long as they were engaged in the exercise or discharge of a governmental function.   See MCL 691.1407(1) and (2).   Plaintiff does not allege that any of the governmental defendants here acted outside the scope of their statutory duties.

<u>ABSOLUTE IMMUNITY</u>

To the extent that Plaintiff seeks damages against  judicial officers (Moore and Leigh) and court appointed guardians *ad litem* (Bosler and Trout), they are entitled to absolute immunity from damages for actions taken in the course of their duties in the judicial process.  No immunity doctrine pertaining to individuals is more strongly established than that of judicial immunity.   Sound policy concerns favor judicial immunity in suits for money damages to avoid impairment of the judicial process.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967); <u>Barnes v. Winchell</u>, 105 F.3d 1111 (6th Cir. 1997).

Furthermore, Michigan law provides absolute immunity to child care organizations (Wolverine Services and Vista Maria) and their employees (Kent-Jones), who are involved in the placement and monitoring of children in foster care. <u>Martin v. Children's Aid Society</u>, 215 Mich App 88 (1996).  Similarly, the Sixth Circuit has recognized that private child care organizations and their employees are absolutely immune from liability under federal civil rights statutes.  <u>Kurzawa v. Mueller</u>, 732 F.2d 1456 (6th Cir. 1984).

<u>QUALIFIED IMMUNITY</u>

Plaintiff asserts that Troy Police Officer Theresa Harrison, the last remaining defendant, forcibly removed her from school in March 2001, before escorting her to Children's Village (Amended Complaint, paragraph 24). She claims that the police officer threatened and harassed her to provide statements supporting the allegations of child abuse against her parents (paragraph 80).

In an attached affidavit, Officer Harrison stated that she assisted the Family Independence Agency (FIA) with the enforcement order issued by the Oakland County Probate Court.  That order directed that Plaintiff be taken into custody and transported to a sheltered care facility. Harrison denied ever threatening Plaintiff, and asserted that she acted within the scope of her police duties while investigating a child abuse complaint (See affidavit, attached to Defendant Harrison's Motion for Summary Judgment at Docket #17). Plaintiff has not responded to Harrison's affidavit.

Plaintiff essentially argues that Officer Harrison should be held liable because she verbally threatened and harassed her. The general rule is that mere threats, abusive language and verbal harassment are insufficient to state a constitutional claim for relief under § 1983.  Ivey v. Wilson, 832 F.2d 950, 954-955 (6th Cir. 1987); Freeman v. Trudell, 497 F.Supp. 481 (E.D. Mich. 1980);  Rahman v. Stephenson, 626 F.Supp. 886, 888 (W.D. Tenn. 1986).  Moreover, governmental officials performing discretionary functions are shielded from liability for civil damages, in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800 (1982).

According to Defendant Harrison's uncontested affidavit, the police officer's contact with Plaintiff was limited to asking about skin bruises on her arm, transporting her to Children's Village, and then taking a statement from her as part of a child abuse case (See Affidavit at paragraphs 10, 26-28).  Since there is no evidence that Officer Harrison violated any clearly established constitutional right of Plaintiff, all claims against her should be dismissed based on qualified immunity.

7

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Leave to File a Second Amended Complaint should also be denied. Given these recommendations, Plaintiff's Motion to Stay Proceedings (Docket #45) should be denied as moot.  The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.


                            s/Donald A. Scheer
                            DONALD A. SCHEER
                            UNITED STATES MAGISTRATE JUDGE

DATED: April 29, 2009




_____

## CERTIFICATE OF SERVICE

I hereby certify on April 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 29, 2009: **Christine Kendricks.**

                            s/Michael E. Lang
                            Deputy Clerk to
                            Magistrate Judge Donald A. Scheer
                            (313) 234-5217



**8**